**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Gibbs International, Inc., | ) | |
| | ) | C.A. No. 7:10-cv-01447-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Württembergische Versicherung AG, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Württembergische Versicherung AG's ("Württembergische") Motion to Dismiss for Lack of Jurisdiction [Doc. # 11] made under Rule 12(b)(2), Fed R. Civ. Proc., on the ground that Württembergische has insufficient contacts with the State of South Carolina, or even the United States, upon which to make the exercise of jurisdiction comport with due process. After a thorough review of the memoranda and other documentation in the record, the court grants Württembergische's Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiff Gibbs International, Inc. ("Gibbs") is a company headquartered in Spartanburg, South Carolina. Württembergishe is an insurance company incorporated and with its principal place of business in Germany. In 2008, Gibbs entered into a contract to purchase ("Purchase Contract") from Filature De Chenimenil Sas ("Chenimenil") certain machinery and equipment ("Equipment") located at a plant in Chenimenil, France (the "Chenimenil Plant"). Shortly thereafter, Gibbs entered into a contract (the "Rigging Contract") with Hubertus Lazarek Montagen ("Lazarek"), a company organized under German law with its principal place of business in Ottenbach, Germany, to perform

1

the rigging services associated with the transportation of the Equipment from the Chenimenil Plant to Gibbs in Spartanburg, South Carolina. As a condition precedent to the Rigging Contract, Lazarek was required to purchase an insurance policy to cover the rigging services as well as the assembly and disassembly of the Equipment and other services (the "Services") that Lazarek was to perform on the Equipment on behalf of Gibbs. Lazarek purchased an insurance policy, Policy No. FK30-4372126-94 (the "Policy"), from Württembergishe as required by the Rigging Contract. The Policy was made in Germany between Württembergishe and Lazarek. The Policy "cover[ed] the assembling and dis-assembling of machinery by Hubert Lazarek Montagen when done on other property than owned by Hubert Lazarek Montagen." *See* Declaration of Renate Schwenk at ¶ 5, [Doc. # 11-2]. Lazarek performed the rigging services on the Equipment pursuant to the Rigging Contract with Gibbs, and Lazarek then prepared the Equipment to be shipped from the Chenimenil Plant in France to South Carolina. The Equipment allegedly sustained substantial damages as a result of the Services performed by Lazarek.

A claim was made under the Policy for the damages to the Equipment (the "Claim").[1] Württembergishe denied the Claim. Lazarek then assigned and transferred to Gibbs any and all claims or causes of action which Lazarek possessed under the Claim against Defendant. (See Assignment Agreement, Doc. 27- 3).

Württembergishe has no employees or offices in the United States and has sold no policies in this Country. *See* Declaration of Renate Schwenk at ¶ 5, [Doc. 11-2].

Gibbs originally initiated this action for declaratory judgment and breach of contract against Württembergische in Spartanburg County, South Carolina Court of Common Pleas arising from

---

[1]The parties do not indicate who filed the Claim.

Württembergische's denial of the insurance claim filed by or on behalf of Gibbs. Württembergische removed the action to this court and filed this motion to dismiss for lack of jurisdiction. The parties engaged in jurisdictional discovery and the matter is now ripe for this court's determination.

## STANDARD OF REVIEW

The plaintiff has the burden of demonstrating the existence of jurisdiction when bringing a case in federal court. When a defendant challenges the plaintiff's assertion of jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., the plaintiff must prove jurisdiction by a preponderance of the evidence. *See Mylan Labs., Inc. v. Akzo*, 2 F.3d 56, 59-60 (4th Cir. 1993). When a court addresses the jurisdictional questions based only on the parties' pleadings, affidavits, and other legal documents, the plaintiff faces a lesser standard such that the plaintiff simply must "make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. *See Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

## DISCUSSION

Württembergische contends that it is entitled to dismissal because it is not subject to the jurisdiction of this court. Württembergische claims that the court's exercise of jurisdiction in this case would not be proper because Württembergische is a German insurance company which does no business in the United States and the insurance policy at issue was made in Germany between two German companies covering actions which occurred in France.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Rule 4(k)(1)(A), Fed. R. Civ. P.; *see ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). Personal jurisdiction may be based on a finding of either specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction based on continuous and systematic contact with the forum state. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002); *ESAB Group, Inc.*, 126 F.3d 617 (4th Cir. 1997). "Specific jurisdiction requires that the out of state defendant engage in some activity purposely aimed toward the forum state and that the cause of action arise directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331-32 (D.S.C. 1999).

To exercise jurisdiction over a non-resident defendant, the court must find jurisdiction to be authorized under the state's long-arm statute and must find that the exercise of jurisdiction comports with due process. *See Carefirst of Maryland v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003). South Carolina's long-arm statute[2] requires the court to determine that the defendant has sufficient minimum contacts with South Carolina such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Atlantic Soft Drink Co. of Columbia,*

---

[2]The South Carolina Long Arm Statute states:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed. S.C. Code Ann. § 36-2-803.

*Inc. v. South Carolina National Bank*, 287 S.C. 228, 231, 336 S.E.2d 876, 878 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether due process is satisfied, the court may consider factors such as (1) the interest of the State in exercising its jurisdiction over non-residents; (2) the duration of the activity of the nonresident in South Carolina; (3) the character and circumstances of the commission of the nonresident's acts; and (4) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the non-resident. *Atlantic Soft Drink Co.*, 336 S.E.2d at 878.

In this case, Gibbs has presented no evidence upon which this court can find that Württembergische has conducted any activities in South Carolina which could be deemed to have been "continuous and systematic" so as to provide general jurisdiction. Gibbs has also failed to demonstrate that Württembergische availed itself of the privilege of conducting activities in South Carolina, or otherwise conducted itself, such that it would be constitutionally reasonable to confer specific jurisdiction over Württembergische. *See Carefirst of Maryland*, 334 F.3d at 399. Gibbs's only basis for alleging jurisdiction in this court arises from Württembergische's issuance of the Policy to Lazarek. Gibbs contends that Württembergische contracted to insure property or a risk located in South Carolina and that this is enough to confer jurisdiction upon this court. However, there is no evidence in the record that Württembergische was aware that the Policy was to insure a risk "located within this State at the time of contracting" with Lazarek. *See* S.C. Code Ann. § 36-2-803. The Policy describes the insured risks as those connected with the business description contained in the Policy. *See* Policy Special Terms and Conditions and Risk Descriptions, at 2 [Doc. 38-2, at 6]. The business description is listed as the "[a]ssembly and disassembly of machines on third-party properties." *Id*. at 1 [Doc. 38-2, at 1]. The Policy does not mention that the risks insured

by Württembergische include those in South Carolina. Additionally, the court notes that, although the Policy does provide for insured events which occur "abroad," the Policy expressly excludes the United States as a location.[3] Despite Gibbs's arguments to the contrary, the Policy itself does not contain evidence that Württembergische had knowledge or should have had knowledge regarding any risks located in South Carolina at the time it issued the Policy to Lazarek. Additionally, Gibbs has presented the court with no other evidence - in particular, documents, affidavits or declarations that may have been available from sources other than Württembergische, such as Lazarek - from which the court could determine whether Württembergische knew or should have known that it was possibly insuring a risk in South Carolina. Moreover, there is also no evidence in the record upon which this court could find that the risk Württembergische insured, the services rendered by Lazarek, or the alleged injury occurred in South Carolina. By Gibbs's own account, the damages at issue allegedly occurred as a result of the services Lazarek performed in France.

The record shows that the Policy was made between two German companies and that the insurance policy at issue was made in Germany. Württembergische has no offices or personnel in South Carolina and has sold no policies in South Carolina. The only contact that Gibbs has alleged Württembergische made with the State or with Gibbs consists of a single visit by an independent contractor investigating the Claim on behalf of Württembergische. This single contact is insufficient for the court to exercise jurisdiction over Württembergische in this case.

Gibbs has the burden to make a prima facie showing of jurisdiction. However, even viewing the factual allegations with all reasonable inferences in favor of the plaintiff, Gibbs falls short of the

---

[3]The court makes no findings regarding the particular coverage provided under this Policy for the incident at issue, but only references the Policy to the extent that Gibbs implies it contains a statement regarding Württembergische's insurance of risks in South Carolina.

required showing. Accordingly, the court dismisses this case against Württembergische for lack of personal jurisdiction.[4]

## CONCLUSION

For the foregoing reasons, Defendant Württembergische Versicherung AG's Motion to Dismiss for Lack of Jurisdiction [Doc. 11] is **GRANTED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

March 21, 2011
Greenville, South Carolina

---

[4]Gibbs also argues that Württembergische has conceded jurisdiction by removing this action to federal court and pleading jurisdiction under 28 U.S.C. §1332. However, 28 U.S.C. §1332 confers upon this court only subject matter jurisdiction. Removal does not constitute a waiver or concession of personal jurisdiction. *See Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) ("Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction."); see also 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1395 (3rd ed. 2004).